AO 91 (Rev. 11/11)  Criminal Complaint

| AUSA: | Susan Fairchild | Telephone: | (313) 226-9577 |
|---|---|---|---|
| Officer: | Jeremy Ferguson | Telephone: | (313) 393-3793 |

# UNITED STATES DISTRICT COURT
for the
Eastern District of Michigan

United States of America
v.
David MYRIE

Case No.

Case: 2:23-mj-30224
Assigned To : Unassigned
Assign. Date : 5/31/2023
Description: RE: DAVID MYRIE (EOB)

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __May 26th, 2023__ in the county of __Wayne__ in the __Eastern__ District of __Michigan__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| Title 8, United States Code, Section 1326(a), (b)(2) | Unlawful Re-entry after Removal from the United States |

This criminal complaint is based on these facts:

On or about May 26th, 2023, at or near Detroit, Michigan, in the Eastern District of Michigan, Southern Division, David MYRIE, an alien from Jamaica, and who was previously convicted of an aggravated felony offense, was found in the United States after having been denied admission, excluded, deported, and removed therefrom on or about April 27th, 2023 at or near Alexandria, Louisiana and not having obtained the express consent of the Attorney General of the United States or the Secretary of Homeland Security to re-apply for admission thereto; in violation of Title 8, United States Code, Section 1326(a), (b)(2).

☑ Continued on the attached sheet.

_Complainant's signature_

Jeremy J. Ferguson, CBP Enforcement Officer
_Printed name and title_

Sworn to before me and signed in my presence
and/or by reliable electronic means.

Date: __May 31, 2023__

_Judge's signature_

City and state: __Detroit, MI__

David R. Grand, U.S. Magistrate Judge
_Printed name and title_

# AFFIDAVIT

I, Jeremy J. Ferguson, being duly deposed and sworn states:

1. I am an Enforcement Officer with the United States Department of Homeland Security (DHS), Customs and Border Protection (CBP). I have been employed with the same for nineteen years. During my career as a law enforcement officer, I have been involved in various investigations and arrests concerning the re-entry of removed non-citizens and I have received training in this area.

2. The information set forth below is for the limited purpose of establishing probable cause. Therefore, this affidavit does not necessarily contain all the information collected during my investigation.

3. The defendant, David Anthony MYRIE is a 46-year-old male native and citizen of Jamaica, who last entered the United States at or near an unknown place, on or about an unknown date, without being admitted, inspected, or paroled into the United States by an immigration officer.

4. On May 26th, 2023 MYRIE was encountered by CBP at the Ambassador Bridge in Detroit, Michigan, when the vehicle he was a passenger in entered the bridge plaza from Detroit to Canada but turned around on the bridge before getting to the Canadian side. The vehicle and occupants arrived at the inspection booth on the U.S. side of the border manned by CBP Officer S. Jackson. Officer Jackson referred MYRIE to secondary for a status check as he had a valid Jamaican passport, but no identity or immigration documents for the United States.

5. MYRIE's fingerprints were queried through the Automated Fingerprint Identification System (IDENT) and the Integrated Automated Fingerprint Identification System (IAFIS) which resulted in matches to Fingerprint Identification Number (FIN) XXXX5618 and FBI number XXXXX8EB2, which correspond to the immigration encounters and criminal convictions noted below.

6. I responded to secondary office and queried MYRIE through the Enforce Alien Removal Module (EARM), an immigration database maintained by the Department of Homeland Security (DHS) which contains information about non-citizens who are removed from the United States and found him to be a match to Alien File XXX XXX 763, as well as the removals noted below.

1

7. On or about March 6th, 1997, MYRIE was ordered removed from the United States by an Immigration Judge at or near El Paso, Texas pursuant to Section 241 of the Immigration and Nationality Act (INA), as amended.

8. On or about April 24th, 1998, MYRIE was convicted in the Camden County, New Jersey Superior Court for the offense of Possessing a Handgun, a felony. He was sentenced to 2 years' probation.

9. On or about April 5th, 2001, MYRIE was convicted in the Cumberland County District Court, in Fayetteville, North Carolina for the offenses of Possession with Intent to Deliver/Manufacture/Sell a Controlled Substance, to wit: Marijuana and Maintaining Vehicle, Dwelling, Place where Controlled Substances are Kept/Sold. MYRIE was sentenced to serve eight to ten months' incarceration and thirty-six months' probation for those offenses.

10. On or about December 28th, 2002, MYRIE was physically removed from the United States to Jamaica via New York, New York pursuant to the Administrative Final Removal Order that was issued by the Immigration Judge on or about March 6th, 1997.

11. On or about June 9th, 2003, MYRIE was encountered by immigration officials at a Philadelphia Police Department in Pennsylvania. MYRIE was found to be present in the United States without having been inspected, admitted, or paroled into the United States by DHS. On or about June 17th, 2003 the previous removal order against MYRIE was reinstated pursuant to Section 241(a)(5) of the INA.

12. On or about December 19th, 2003, MYRIE was convicted in the U.S. District Court, Eastern District of Pennsylvania for the offense of Illegal Re-Entry in violation of Title 8 United States Code, Section 1326 (a) and (b)(2). For that offense MYRIE was sentenced to serve thirty months' incarceration, three years supervised release, and a $100 special assessment.

13. On or about October 4th, 2005, MYRIE was physically removed from the United States to Jamaica via New York, New York pursuant to the reinstatement that was issued to him on or about June 9th, 2003. MYRIE was barred from entering, attempting to enter, or being present within the United States at any time.

14. On or about May 10th, 2007 MYRIE was encountered by immigration officials at or near Panhandle, Texas. MYRIE was found to be present in the United States without having been inspected, admitted, or paroled into the United States by DHS.

15. On or about June 1st, 2007, MYRIE was convicted in the 100th Judicial District Court in Carson County, Texas for the offense of Money Laundering. MYRIE was sentenced to seven years' probation for that offense.

16. On November 1st, 2007, MYRIE was convicted in the U.S. District Court, Northern District of Texas – Amarillo for the offenses of Illegal Re-Entry in violation of Title 8 United States Code, Section 1326 (a) and (b)(2) and for Revocation of Probation or Supervised Release. For those offenses MYRIE was sentenced to serve fifty-seven months' and eight months' incarceration to run consecutively, three years' supervised release, and $100 special assessment.

17. On April 22nd, 2008, MYRIE was convicted in the U.S. District Court, Northern District of Texas – Amarillo for the offense of Escape in violation of Title 18 United States Code, Section 751(a). For that offense MYRIE was sentenced to serve thirty months' incarceration, three years' supervised release, and $100 special assessment.

18. On or about July 1st, 2014, MYRIE's previous removal order was reinstated pursuant to Section 241(a)(5) of the INA and he was removed from the United States to Jamaica on or about July 31st, 2014 via New Orleans, Louisiana. MYRIE was barred from entering, attempting to enter, or being present within the United States at any time.

19. On or about January 5th, 2015, MYRIE was encountered by immigration officials at or near Newark, New Jersey. MYRIE was found to be present in the United States without having been inspected, admitted, or paroled into the United States by DHS. On or about January 9th, 2015, the previous removal order against MYRIE was reinstated pursuant to Section 241(a)(5) of the INA.

20. On December 7th, 2016, MYRIE was convicted in the U.S. District Court, District of New Jersey for the offenses of Illegal Re-Entry in violation of Title 8 United States Code, Section 1326(a) and (b)(2) and for Aggravated Identity Theft in violation of Title 18 United States Code, Section 1028(A)(1) and (2). For those offenses MYRIE was sentenced to serve thirty-seven months and twenty-four months' incarceration to run consecutively and three years' supervised release to run concurrently.

21. On or about August 29th, 2019, MYRIE was physically removed from the United States to Jamaica via Alexandria, Louisiana. MYRIE was barred from entering, attempting to enter, or being present within the United States at any time.

22. On or about January 13th, 2020, MYRIE attempted entry to the United States from Mexico at the San Ysidro Port of Entry in San Diego, California, while using a U.S. passport card that was issued for the use of another person.

23. On November 12th, 2020, MYRIE was convicted in the U.S. District Court, Southern District of California of Attempted Re-Entry of Removed Alien in violation of Title 8 United States Code, Section 1326(a) and (b). For that offense MYRIE was sentenced to serve thirty-seven months' incarceration, three years' supervised release, and $100 special assessment.

24. On November 18th, 2022, MYRIE was convicted in the U.S. District Court, District of New Jersey for Revocation of Probation or Supervised Release. For that offense MYRIE was sentenced to revocation of supervised release and incarceration for time served.

25. On or about November 18th, 2022, MYRIE was encountered by immigration officials at the Essex County Jail in Newark, New Jersey and had the previous removal order against him reinstated pursuant to Section 241(a)(5) of the INA. On or about February 28th, 2023, an Immigration Judge in Clearfield County, Pennsylvania affirmed that removal order. On or about April 27th, 2023, he was removed from the United States to Jamaica via Alexandria, Louisiana. MYRIE was barred from entering, attempting to enter, or being present within the United States at any time.

26. I queried MYRIE through the Central Index System (CIS) and Computer Linked Application and Information Management System (CLAIMS). These databases are maintained by DHS and contain information relating to applications for immigration benefits and/or relief. Review of the records for MYRIE and queries in U.S. Department of Homeland Security databases confirm that no record exists of him obtaining permission from the Attorney General or the Secretary of the Department of Homeland Security to re-apply for admission to the United States.

27. I queried MYRIE through the Consular Consolidated Database (CCD), a database maintained by the Department of State which contains passport and visa applications and records. I found no record of MYRIE ever having applied for or receiving a U.S. visa of any kind or classification.

28. MYRIE was arrested and detained by CBP on May 26th, 2023, for processing of Reinstatement of Prior (Removal) Order pursuant to Section 241(a)(5) of the INA as amended.

29. The aforementioned arrest (or apprehension) (and subsequent detention) was an administrative, non-criminal action made pursuant to the authority found in sections 1357, 1225, 1226, and/or 1231 of Title 8, United States Code to arrest and detain any alien entering or attempting to enter the United States, or any alien present in the United States, who is reasonably believed to be in violation of any law or regulation regulating the admission, exclusion, expulsion, or removal of aliens.

30. Based on the foregoing, there is probable cause to believe that, on or about May 26th, 2023, at or near Detroit, Michigan, in the Eastern District of Michigan, Southern Division, David MYRIE, an alien from Jamaica, was found in the United States after having been denied admission, excluded, deported, and removed therefrom on or about April 27th, 2023 at or near Alexandria, Louisiana and not having obtained the express consent of the Attorney General of the United States or the Secretary of Homeland Security to re-apply for admission thereto; in violation of Title 8, United States Code, Section 1326(a), (b)(2).

*Jeremy J. Ferguson*
Enforcement Officer
U.S. Customs and Border Protection

Subscribed and sworn to before me in my presence and/or by reliable electronic means this 31st day of May, 2023

David R. Grand
United States Magistrate Judge

5